**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **BYRDELL WALTON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 12 CV 4493** |
| **v.** | ) | |
| | ) | |
| **MARK DIAMOND, et al,** | ) | **JUDGE LEFKOW** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEFENDANT DENNIS BOTH'S MOTION TO DISMISS**

Now Come Defendant Dennis Both ("Both") and pursuant to F.R. Civ. P. 9, and 12 (b)(6)

hereby move to dismiss Counts IV and VII of Plaintiff's Complaint, and in support of their

motion state as follows:

**INTRODUCTION**

Plaintiffs have filed a 7 Count Complaint, alleging misconduct among the various

defendants in the brokering and making of loans and the home repair contracts paid for through

the proceeds of those loans

Counts IV (state statutory fraud) and VI (conspiracy), alleging state law claims, are

directed to this Defendant. As to this Defendant, only state law claims are alleged.

As to the claim of statutory fraud the Complaint violates F.R.C.P. 9 in that the  purported

fraud is not stated with the required particularity. Even if the Court finds that somehow a claim

has been stated, accepting the allegations as true, are no facts alleging any fraudulent conduct by

this defendant, and no facts alleged which state a claim against this Defendant, under any theory.

## PLAINTIFFS FAIL TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED

Here Walton alleges that Both and Co-Defendant Diamond visited her home (Par.45); she signed papers (par.47); sometime later she received copies of the papers she signed back (par. 49); the documents were notarized, but not in her presence (par.49); she signed a direction to have her proceeds picked up and the location of the pickup was inserted by Both. (par.61)

There is no claim that she did not sign the papers, that the documents were improperly dated, that the notary who was present did not see her sign the documents, or that the location of the pickup was not indicated in the form at the time she executed it.

Plaintiff Morehead alleges that Diamond and Both came to her house and while she signed her papers Both "… just stood there and acted snobbish and appeared to be in a hurry to leave."(par.98); Diamond and Both left with the documents and did not leave her a copy (par. 99); about a week or two later Diamond brought her copies of the documents(par.104); the mortgage was notarized by Both was not notarized in her presence, and was dated.

There is no allegations that she did not sign the documents, that they were not signed in the presence of the notary, or that the date they documents bear was in anyway improper. Just the opposite is true she admits that the notary (Both) stood there in her presence while she signed the documents.

Plaintiff Mason alleges that she signed her documents, but that Both notarized them and was not present when she signed the documents and she was not present when he notarized them. (par,153)

Once again there is no allegation that Both did not see her sign the documents or that there is anything improper about the date.

2

None of the post–closing activities are alleged to have taken place in the presence of, or even with the knowledge of Both. None of the claims regarding the repairs are in any way connected to Both or his activities as notary.

The Illinois Notary Public Act, 5 ILCS 312/1-101 et seq. provides in relevant part:

§ 5 ILCS 312/6-102.  Notarial Acts

   Sec. 6-102. Notarial Acts. (a) In taking an acknowledgment, the notary public must determine, either from personal knowledge or from satisfactory evidence, that the person appearing before the notary and making the acknowledgment is the person whose true signature is on the instrument.

(b) In taking a verification upon oath or affirmation, the notary public must determine, either from personal knowledge or from satisfactory evidence, that the person appearing before the notary and making the verification is the person whose true signature is on the statement verified.

(c) In witnessing or attesting a signature, the notary public must determine, either from personal knowledge or from satisfactory evidence, that the signature is that of the person appearing before the notary and named therein.

(d) A notary public has satisfactory evidence that a person is the person whose true signature is on a document if that person:

(1) is personally known to the notary;

(2) is identified upon the oath or affirmation of a credible witness personally known to the notary; or

(3) is identified on the basis of identification documents. Until July 1, 2013, identification documents are documents that are valid at the time of the notarial act, issued by a state agency, federal government agency, or consulate, and bearing the photographic image of the individual's face and signature of the individual.

The Complaint is devoid of any allegation that Both did not witness the signing, or obtain proof of identity, or in any way violate the Notary Act. It is the Notary Act which governs the conduct here and it does not require that the act of notarizing take place in the presence of the Plaintiffs. Even if the allegations are true, they do not state a cause of action for fraud or anything else.

3

Distilled of hyperbole, the complaint alleges that documents which the Plaintiffs admittedly signed were dated and notarized, but they apparently did not see that happen.

Oddly Morehead alleges that there was another notary present when she admittedly signed. Under her theory that unnamed third party was supposed to have notarized her signature. Even if true this does not state a cause of action.

Yet she concludes, without factual support, that Both participated in the "unfair and deceptive conduct" and engaged in "unfair and deceptive conduct" when he notarized the documents without witnessing the signing.(par223) This allegations is conclusory at best and is inconsistent with the allegation of Walton and Morehead. Both admit that the notary was there when they signed.

These allegations do not constitute a cause of action against Both for fraud, or even a violation of the Notary Act. None of the Plaintiffs state any facts as to anything deceptive about the manner in which the documents they signed, that the notarization occurred in the course in the course of Both's business or trade or they Both made any deceptive statements intending that Plaintiffs would rely upon them, all of which are necessary elements of the claim for fraud. *Addison v. Distinctive Homes, Ltd,*359 Ill. App. 3d 997,1000 (2005).

The act of notarizing documents that a person admits to have signed is in no way connected to the harm that they claim later ensued, through intervening acts. It took much more than the notarization of documents to cause the harm alleged. Those intervening actions caused the alleged harm, not the act of affirming that each of the Plaintiffs signed the documents that they admit they signed. The act of notarization is really nothing more than giving affirmation that the document bears the signature of the person who purports to have signed it, Here that fact is

4

not disputed by any of the Plaintiffs. The all admit that they signed the documents. Since they affirm their own signatures, they have no complaint with the notary.

The same is true for Count VII wherein the operative allegations as to this Defendant are found in paragraph 257 c, d, e and f.

As to 257 c there is no obligation under the Truth In Lending Act that a notary provide the 3 day right of cancelation notice. TILA does not impose that duty on a notary, and the TILA counts themselves are not directed to this Defendant. Since Both was not obligated to provide the notice, failing to do so is not fraudulent or conspiratorial. Likewise there is no allegation that Both heard any representation that he knew to be false. In fact all of the allegations regarding home repairs and initial meetings with the Plaintiffs clearly took place outside his presence, and the Plaintiffs fail to allege that there was any representation made by, or  in Both's presence that he both heard and knew to be false, which is again fatal to these claims.

As noted before the claim that the documents were notarized without observing their signature is not supported by the allegations and is inconsistent with the allegation that Morehead signed in his presence.

Finally alleging that the notary "facilitated" the fraudulent transfer of funds, amounts to no allegation at all. As will be discussed at more length below, you cannot make out a claim of fraud simply by alleging fraud. You must allege facts that support the conclusion of fraud, which Plaintiffs have failed to do.

There is an enormous factual chasm between the allegations of failing to properly notarize the documents, and the failure to obtain the agreed upon repairs, the TILA claims or any of the damages alleged to have occurred. There is simply no causal connection between the notarization of the documents and the events that are alleged to have ensued.

## PLAINTIFF FAILS TO PLEAD WITH PARTICULARITY

Under Rule 9(b), allegations of fraud must be pled with particularity. A major purpose of Rule 9(b) is the need to provide fair notice to a defendant of the nature of the allegations and thus permit a defendant to respond adequately. *See Norris v. Wirtz,* 703 F. Supp. 1322, 1328 (N.D. Ill. 1989); *Elliott Graphics, Inc. v. Stein,* 660 F. Supp. 378, 380 (N.D. Ill. 1987); *see also* 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1296 (1994). Another, and more important, purpose is to discourage a plaintiff from "tossing" into a complaint unsubstantiated accusations of fraud which may harm the goodwill of a business firm. *Bankers Trust v. Old Republic Ins.,* 959 F.2d 677, 683 (7th Cir. 1992).

To state a cause of action with the required particularity a complaint must allege "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated," *Bankers Trust,* 959 F.2d at 683 (quoting *Sears v. Likens,* 912 F.2d 889, 893 (7th Cir. 1990)), or, in other words, "the plaintiff must plead the 'who, what, when, and where' of the alleged fraud," *Uni Quality, Inc. v. Infotronx, Inc.,* 974 F.2d 918, 923 (7th Cir. 1992).

To properly plead a cause of action for a violation of the Consumer Fraud Act, Plaintiff must allege: (1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; and (3) that the deception occurred in the course of conduct involving trade and commerce. *Addison v. Distinctive Homes, Ltd,*359 Ill. App. 3d 997,1000 (2005).

An action under the Consumer Fraud Act "must be pleaded with the same specificity that has always been a prerequisite to an action for common law fraud." *Sklodowski v. Countrywide Home Loans, Inc.,* 358 Ill. App. 3d 696, 703 (1st Dist. 2005).As such, Plaintiffs' consumer fraud claim

must be pleaded with particularity and specificity, including what representations were made, when they were made, who made the misrepresentations and to whom they were made. *Time Savers, Inc. v. LaSalle Bank, N.A.,* 371 Ill. App. 3d 759, 770 (2d Dist. 2007); *Connick*, 174 Ill. 2d at 496.

An omission or concealment of a material fact in the conduct of trade or commerce constitutes a deceptive act. 815 ILCS 505/2 (West 2002): A material fact is one which a buyer would be expected to rely on in deciding whether to make a particular purchase. *Connick v. Suzuki Motor Co., Ltd., 174 Ill. 2d 482, 505 (1996).* There is no allegation that who the notary was, or how the documents, that they admit to signing, were notarized, was material to their signing. The do not allege that if another notary had been present or had notarized the documents they would not have signed them. There is simply nothing material about this claim having to do with the notarization of the documents. Furthermore, a valid claim must show that a concealment or omission proximately caused the plaintiff's injury. *Connick*, 174 Ill. 2d at 501, and there is no connection between the documents being notarized and the alleged injury.

When alleging consumer fraud under the act, Plaintiffs are required to plead the circumstances constituting fraud with particularity, this means the who, what, when, where and how. *DiLeo v. Ernst & Young,*901 F.2d 624,627 (7th Cir. 1990). A complaint alleging a violation of the act must meet the same heightened pleading standard as that required for common law fraud*. Elson v. State Farm,* 295 Ill. App. 3d 1 (1998).

The Complaint fails to meet this specificity standard, in particular how notarizing the documents defrauded them in any way, or harmed them in any way or how notarizing the documents "facilitated" the fraudulent transfer of loan proceeds.

Since the conspiracy claimed is one to defraud it too must meet the heightened pleading standard required by Rule 9 and fails to do so for the same reasons noted above

Wherefore, Dennis Both prays this Honorable Court dismiss Counts IV and VII of

Plaintiff's Complaint as to him, with prejudice and award him costs and fees.


Respectfully Submitted,
Dennis Both

BY: /s/   Dennis E. Both                              .

Dennis E. Both
BROWN, UDELL, POMERANTZ & DELRAHIM, LTD.
1332 North Halsted Street, Suite 100
Chicago, Illinois  60642
Office: 312. 475.9900
Fax: 312.475.1188
Attorney Code:  34089