Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4493 | **DATE** | 12/14/2012 |
| **CASE TITLE** | Walton et al. vs. Diamond et al. | | |

**DOCKET ENTRY TEXT**

Plaintiffs' motion to disqualify counsel for Mark S. Diamond and United Residential Services and Real Estate, Inc. (#30) is denied without prejudice. Defendant Dennis Both is instructed to file a copy of his clients' written informed consent, consistent with ABA Model Rule 1.7(b), by 12/21/2012. Both's motion to dismiss Counts IV and VII of the complaint (#25) is taken under advisement. Status hearing set for **1/3/2013 at 8:30 a.m** to set a briefing schedule for Diamond and United Residential's motion to dismiss (#36).

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiffs Byrdell Walton, Wadie Morehead and Louise Mason filed the present motion seeking to disqualify attorney and defendant Dennis Both from representing defendants Mark S. Diamond and United Residential Services and Real Estate, Inc. ("United"), a remodeling company owned by Diamond. Plaintiffs allege that defendants Matthew Fefferman, Diamond, and Both, acting as mortgage broker, home improvement contractor and notary/closing agent respectively, conspired to defraud them of substantial equity in their homes, violating state and/or federal consumer protection laws. Plaintiffs have filed two claims against Both alleging violation of the Illinois Consumer Fraud Act and Deceptive Business Practices Act, 815 ILL. COMP. STAT. 505/1 *et seq*. (Count IV), and civil conspiracy (Count VII). Specifically, plaintiffs allege that Diamond solicited and arranged for reverse mortgage loans and for home repair and remodeling services through United, and that Both notarized the mortgage documents. Plaintiffs allege that Diamond, United and/or Both (collectively "defendants") did not provide them with certain disclosures required by law, promised performance which defendants did not intend to perform, obtained plaintiffs' loan checks through fraud and deception, and refused to return plaintiffs' money after failing to perform.

Plaintiffs filed the present lawsuit on June 8, 2012. On August 7, 2012, Both filed an appearance seeking to represent himself, Diamond and United. (Dkt. #18.) Plaintiffs now move to disqualify Both from representing Diamond and United arguing that (1) there is a clear conflict of interest under Rule 1.7; and (2) Both is a necessary witness at trial and therefore his representation of Diamond and United violates Rule 3.7.[1]

As the moving party, plaintiffs bear the burden of establishing that disqualification is appropriate. *U.S. ex rel. Cericola* v. *Ben Franklin Bank*, No. 99 C 6311, 2003 WL 21476020, at *2 (N.D. Ill. June 23, 2003). "[D]isqualification is 'a drastic measure which courts should hesitate to impose except when absolutely necessary.'" *Owen* v. *Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993) (quoting *Schiessle* v. *Stephens*, 717 F.2d 417, 419–20 (7th Cir. 1983)). This is due, in part, to the fact that "[a] party is entitled to a degree of

| STATEMENT |
|---|

deference in the prerogative to proceed with counsel of its choice." *Ben Franklin Bank*, 2003 WL 21476020, at *2.

This court has generally adopted the American Bar Association's Model Rules of Professional Conduct ("ABA Model Rules") as its rules of professional conduct. *See* L.R. 83.50; *RMB Fasteners, Ltd.* v. *Heads & Threads Int'l, LLC*, No. 11 C 2071, 2012 WL 245124, at *2 (N.D. Ill. Jan. 25, 2012). ABA Model Rule 1.7 states,

"(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2) the representation is not prohibited by law;

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(4) each affected client gives informed consent, confirmed in writing."

ABA Model R. of Prof'l Conduct 1.7. Plaintiffs argue that Both should be disqualified under Rule 1.7(a)(2) because there is a significant risk that his representation of Diamond and United would be materially limited by his own interests as all three allegedly participated in the same fraudulent scheme.

The comments to ABA Model Rule 1.7 instruct that under section (a)(2), "[a] conflict may exist by reason of substantial discrepancy in the parties' testimony, incompatibility in positions in relation to an opposing party or the fact that there are substantially different possibilities of settlement of the claims or liabilities in question." ABA Model R. of Prof'l Conduct 1.7 cmt. 23. As such, "multiple representation of co-parties in civil matters is permitted if there is no 'substantial discrepancy' among positions, testimony, or settlement prospects." ANNOTATED MODEL RULES OF PROFESSIONAL CONDUCT 130 (Ellen J. Bennett et al. eds., 7th ed. 2011). This case is early in the proceedings and defendants' positions, testimony and settlement prospects are unclear. Moreover, plaintiffs cite no case law to support the position that Both may not represent himself as a defendant and his alleged co-conspirators absent a showing of a "substantial discrepancy." Although the court recognizes the potential for a conflict under Rule 1.7, it cannot conclude as a matter of law that such a conflict exists at this time.[2] The court therefore declines to disqualify Both from representing Diamond and United under Rule 1.7(a)(2).

Plaintiffs next argue that Both should be disqualified from representing Diamond and United under Rule 3.7

because Both is a necessary witness at trial. ABA Model Rule 3.7 states,

"(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client."

ABA Model R. of Prof'l Conduct 3.7(a). "For a lawyer to be disqualified under Rule 3.7, it must be 'likely' that the lawyer will be called upon to provide testimony that is relevant and material." ANNOTATED MODEL RULES OF PROFESSIONAL CONDUCT 375 (Ellen J. Bennett et al. eds., 7th ed. 2011). "A 'necessary' witness under Rule 3.7 is one whose testimony is unobtainable elsewhere." *Id.* at 376. "A necessary witness is not the same thing as the 'best' witness," however. *Harter* v. *University of Indianapolis*, 5 F. Supp. 2d 657, 665 (S.D. Ind. 1998) (interpreting Indiana Rule of Professional Conduct 3.7, which is the same as ABA Model Rule 3.7). Rather, "[i]f the evidence that would be offered by having an opposing attorney testify can be elicited through other means, then the attorney is not a necessary witness." *Id.*

From the complaint, it appears that Both is the only witness who can testify to certain events alleged therein. Plaintiffs assert that Both is the only witness who can explain, for example, (1) why he wrote the name "United" on the form directing disbursement of Walton's loan proceeds, and (2) why he notarized Mason's loan documents without meeting her. (*See* Compl. ¶¶ 61, 153–155.) These facts are particularly relevant and material given that plaintiffs allege that defendants conspired to deprive them of the proceeds of their loans. Both is the only witness who can testify as to why he did or did not act in this manner. Moreover, read as a whole, the complaint alleges that Both participated in a scheme to defraud plaintiffs by directing the deliverance of loan proceeds to Diamond knowing that the funds would be misappropriated. Clearly, Both is the only witness who can testify as to his knowledge (or lack thereof) of the alleged fraud scheme. *Cf. United States* v. *Dfazio*, 899 F.2d 626, 632 (7th Cir. 1990) (affirming disqualification of defense counsel prior to trial finding that "the parties could hardly have stipulated to what [the attorney] knew about [his client's] state of mind . . . since that knowledge was only in the ken of [the attorney] . . . ."). At the same time, however, the Illinois Supreme Court has held that an attorney need not withdraw at the early stages of a proceeding "based on the possibility that he might have to become a witness" at trial. *In re Heilgeist*, 469 N.E.2d 1109, 1113, 103 Ill. 2d 453, 83 Ill. Dec. 175 (Ill. 1984) (interpreting Rule 5-101(b) of the Illinois Code of Professional Responsibility, which at the time prohibited a lawyer from acting as an advocate in a case where "he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness" at trial).

The fact that this case is in its early stages is a double edged sword for plaintiffs. On one hand, it is likely, based on the allegations in the complaint, that Both will become a necessary witness should the case proceed to trial. On the other hand, defendants have filed motions to dismiss (dkt. #25, #36) and it is unclear whether the case will in fact proceed to trial. Disqualifying Both early on would avoid unnecessary delay closer to trial, doing so, however, would also deprive Diamond and United of their chosen representative, which is disfavored. *See Owen*, 985 F.2d at 317.

Weighing these factors, the court concludes that disqualifying Both from representing Diamond and United is premature, although the court continues to harbor concern that a conflict of interest may arise later in the proceedings. As such, the court expects full candor from defendants if and when such a conflict materializes.

| STATEMENT |
|---|
| Moreover, Both should prepare for the possibility of disqualification under Rule 3.7 prior to trial and make arrangements for alternative counsel if need be. The court will not delay the proceedings because defendants have opted to proceed with Both in light of the possibility that he will be a necessary witness at trial. For these reasons, plaintiffs' motion to disqualify counsel (dkt. #30) is denied without prejudice. Both is instructed to file a copy of his clients' written informed consent, consistent with Rule 1.7(b), by 12/21/2012. Both's motion to dismiss Counts IV and VII of the complaint (dkt. #25) is taken under advisement. Status hearing is set for **[date]** to set a briefing schedule for Diamond and United's motion to dismiss (dkt. #36). |

1. Plaintiffs cite to the Illinois Rules of Professional Conduct, but under Northern District of Illinois Local Rule 83.50 the court applies the ABA Model Rules of Professional Conduct. The two ABA Model rules at issue are largely the same as their Illinois counterparts, however.

2. Moreover, Both states that Diamond and United are aware of the allegations in the complaint and have waived any potential conflicts of interest pursuant to Rule 1.7(b). *See* ABA Model R. of Prof'l Conduct 1.7 cmt. 23 ("[C]ommon representation of persons having similar interests in civil litigation is proper if the requirements of paragraph (b) are met."); *see also id.* at Rule 1.0(e) (defining "informed consent").