IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BYRDELL WALTON, WADIE MOREHEAD, and LOUISE MASON, <br><br> Plaintiffs, <br><br> v. <br><br> MARK S. DIAMOND, *et al.* <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 12 C 4493 <br><br> Magistrate Judge Daniel G. Martin |

## AGREED DISMISSAL ORDER

This dismissal order replaces the Court's July 1 and July 2, 2013 orders (Doc. Nos. 76 and 78) with regard to Defendants Mark Diamond, United Residential Services & Real Estate, and Dennis Both. The July 1 and July 2, 2013 orders remain in full force and effect with regard to Defendants Matthew Fefferman and Harbor Financial Group.

Plaintiffs Byrdell Walton, Wadie Morehead, and Louise Mason and Defendants Mark S. Diamond, United Residential Services & Real Estate, and Dennis Both ("the Diamond and Both Defendants") hereby agree that this case has been settled and that all issues and controversies have been resolved to their mutual satisfaction. Plaintiffs and the Diamond and Both Defendants request the Court to retain jurisdiction to enforce the terms of their settlement agreement under the authority of *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381-82 (1994).

**IT IS HEREBY ORDERED:**

1. Plaintiffs and the Diamond and Both Defendants shall comply with the signed settlement agreement dated July 29, 2013. Plaintiffs and the Diamond and Both Defendants expressly waive their rights under Federal Rule of Civil Procedure 65(d) to the extent Rule 65(d) requires this order to be specific in terms or to describe in reasonable detail and without reference to the settlement agreement, the act or acts to be restrained.

2. By consent of the parties, the Court shall retain jurisdiction for the purpose of enforcing the terms of the settlement agreement.

3. This case is dismissed without prejudice with leave to reinstate on or before February 16, 2016 for the purpose of enforcing the settlement. This Agreed Order of Dismissal is entered without prejudice in order to allow the Court to enforce the settlement agreement. The parties are barred from relitigating any claims raised in this litigation or

any claims released by means of the settlement agreement.

      4.    In the event a motion to reinstate or motion to enforce settlement is not filed on or before February 16, 2016, the Court shall relinquish jurisdiction and the case shall be deemed dismissed with prejudice without further order of the Court. Each party shall bear it's own attorney's fees and costs.

                                **E N T E R:**

                              *[signature: Daniel G. Martin]*

                              **Daniel G. Martin**
                              **United States Magistrate Judge**

**Dated: August 1, 2013**